IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | | |
|---|---|---|
| WILBER FLOYD ) | | CV 06-01-H-DWM |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | | ORDER |
| ) | | |
| WENDELL DAVID OLIVERSON, ) | | |
| IVA LOU OLIVERSON, DAVID W. ) | | |
| OLIVERSON, BRITTA OLIVERSON, ) | | |
| ROCKY MOUNTAIN BANK, WELLS ) | | |
| FARGO FINANCIAL MONTANA, INC., ) | | |
| and WASHINGTON MUTUAL BANK, FA, ) | | |
| ) | | |
| Defendants. ) | | |
| _____) | | |

## I.  Introduction

Wilbur Floyd brought this action against Defendants, alleging the existence of a contract for sale of ten acres of land, and that Defendants Oliversons breached the contract.  This matter was referred to Magistrate Judge Jeremiah C. Lynch for resolution of issues raised in pretrial motions.  Judge Lynch issued two (2) Findings and Recommendation, on October 5, 2007 (dkt#112) and October 18, 2007 (dkt#114).  Judge Lynch

recommended denial of Floyd's Motion for Summary Judgment for Damages, and denial of Oliversons' Motion for Partial Summary Judgment on the issue of jurisdiction.  Oliversons filed objections, in which they addressed the limited issues of laches and statute of limitations.  They are entitled to *de novo* review of the record.  28 U.S.C. § 636(b)(1).

The parties are familiar with the factual and procedural background of the case, which is aptly set forth in Judge Lynch's Findings and Recommendations, and the Court will not repeat it here.  For the reasons set forth below, the Court will adopt Judge Lynch's Findings and Recommendations in full, including his conclusion (and despite Oliversons' objections) that resolution of the laches and statute of limitations issues depends on whether the parties entered a binding contract, an issue which, in turn, is not appropriate for disposition on the parties' pretrial motions.

## II.  Analysis

**A.   Floyd's Motion for Summary Judgment for Damages**

Floyd sought summary adjudication of his contract claim, arguing that the evidence establishes the existence of a contract, Oliversons' breach, and $30,000 in damages.  As Judge Lynch observed, however, considering "the conflicting affidavits of Floyd and Oliverson, there clearly exists genuine issues of material fact as to whether [an] enforceable contract existed

between Floyd and Oliverson."  The parties' evidence conflicts on the essential element of the identity of the second party to the alleged contract.  This precludes disposition of this issue on a motion for summary judgment.  See Sands v. Nestegard, 198 Mont. 421, 427-28 (1982) (holding that where the intentions of the contracting parties are in issue, summary judgment is usually inappropriate).

Oliversons object to Judge Lynch's conclusion that addressing the defenses of laches and statute of limitations is premature pending resolution of the issue of whether there was a contract.  Specifically, Oliversons contend (assuming the existence of a contract only for the purpose of asserting the defenses) that 1) Floyd waited an unreasonable amount of time to assert his right under the contract, this unduly prejudiced Oliversons, and therefore the doctrine of laches bars Floyd from asserting his right at this time, and 2) the statute of limitations began to run on November 14, 1978, when the alleged contract was executed.

As for the second argument, the object of the statute of limitations is Floyd's claim for breach of contract, and thus the statute of limitations began to run on the date of the alleged breach.  Floyd identifies the breach as occurring when Oliversons refused his demand for ten acres of land in December of 2005.  Assuming *arguendo* that there is a contract, the Court cannot say

that, as a matter of law and based on the facts as the parties allege them, the statute of limitations bars Floyd's claim.

As for the laches argument, the questions of whether the time Floyd waited to assert his alleged right was unreasonable, and whether Oliversons were prejudiced, include factual considerations that preclude disposition via summary judgment. Specifically, both parties agree that the alleged contract states that "[t]he exact location of the said ten acres to be designated at a later date." This language suggests that, if there was an agreement between the parties, they understood there would be a temporal delay between the time the contract was executed and the time of performance.

Oliversons' objections notwithstanding, Judge Lynch concluded correctly that Floyd's Motion for Summary Judgment for Damages should be denied and that the statute of limitations and laches defenses are not suitable for disposition during pretrial proceedings.

**B.   Oliversons' Motion for Partial Summary Judgment**

Oliversons do not object to Judge Lynch's conclusion that the Court retains jurisdiction over this matter pursuant to 28 U.S.C. § 1332, despite Floyd's dismissal of all claims except his claim for $30,000 in damages for breach of contract. Judge Lynch concluded correctly that 1) if the amount in controversy satisfies the threshold amount for diversity jurisdiction and a

plaintiff initially asserts the amount in good faith, jurisdiction exists, see Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1131 (9th Cir. 2000); 2) a plaintiff's ultimate lack of success in establishing damages does not affect the existence of jurisdiction, see St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 289-90 (1938); and 3) this Court previously concluded, when considering Oliversons' Motion to Dismiss, that Floyd's allegations of the jurisdictional amount were pled in good faith.[1]

### III.  Conclusion

In accordance with the foregoing reasons, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendations (dkt##112,114) are adopted in full.  Plaintiff Floyd's Motion for Summary Judgment for Damages (dkt#77) is DENIED; Defendants Oliversons' Motion for Partial Summary Judgment (dkt#79) is DENIED.

---

[1]  The Court notes that 28 U.S.C. § 1332(b) likely applies to this case.  The statute reads:  Except when express provision therefor is otherwise made in a statute of the United States, where the plaintiff who files the case originally in the Federal courts is finally adjudged to be entitled to recover less than the sum or value of $75,000, computed without regard to any setoff or counterclaim to which the defendant may be adjudged to be entitled, and exclusive of interest and costs, the district court may deny costs to the plaintiff and, in addition, may impose costs on the plaintiff.

Dated this 31st of October, 2007.

/s/ Donald W. Molloy
_____
DONALD W. MOLLOY, Chief Judge
United States District Court